321 F.2d 116
 Robert F. KENNEDY, Appellant,
v.
R. Appleton OWEN, Circuit Court Clerk and Registrar,
Jefferson County, Mississippi, Leonard B. Caves, Circuit
Clerk, Jones County, Mississippi, J. E. McDavid, Circuit
Clerk, Noxubee County, Mississippi, A. V. Davis, Jr.,
Circuit Court Clerk and Registrar, Adams County,
Mississippi, R. Whitaker, Circuit Court Clerk and Registrar,
Wilkinson County, Mississippi, Mrs. John Mikell, Circuit
Clerk, Marion County, Mississippi, and Talmadge S. Saucier,
Circuit Clerk, Lamar County, Mississippi, Appellees.
 No. 20634.
 United States Court of Appeals Fifth Circuit.
 July 3, 1963.
 
 David Rubin, Harold H. Greene, Attys., Dept. of Justice, Washington, D.C., for appellant.
 Peter M. Stockett, Jr., Asst. Atty. Gen. of Mississippi, William A. Allain, Jackson, Miss., Robert Ridley, Laurel, Miss., Clay B. Tucker, Woodville, Miss., Lucien C. Gwin, Natchez, Miss., E. H. Britton, Macon, Miss., Everette Truly, Natchez, Miss., Ernest L. Brown, Macon, Miss., James D. Hester, Laurel, Miss., for appellees.
 Befofe TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 These consolidated cases came on for hearing on the motion for summary reversal by appellant in each case. The demand letter attached to each application was addressed to the appellee followed by the words 'Circuit Clerk.' Each appellee was in fact both Circuit Clerk and Registrar. The district court granted an inspection order as to the records each appellee possessed in his capacity as Circuit Clerk, but not as to the records in his custody as Registrar. The statute provides simply for a 'demand in writing by the Attorney General or his representative directed to the person having custody, possession, or control of such record or paper * * *.' 42 U.S.C.A. 1974b (Supp.1962).
 
 
 2
 So long as the damand was addressed to and received by the proper person, it is immaterial that he was described as 'Circuit Clerk' and was not also described as 'Registrar.' The person must comply with the statute as to any record or paper required by Section 1974 of Title 42 to be retained and preserved, and which is in his custody, possession or control in any capacity.
 
 
 3
 There is no substance in the attacks of the appellees on the constitutionality of Title III of the Civil Rights Act of 1960 (P.L. 86-449,74 Stat. 86, 42 U.S.C.A. 1974, et seq.) under the Fifth Amendment, the Sixth Amendment, or any other part of the Constitution. See State of Alabama, ex rel. Gallion v. Rogers, M.D.Ala.1960, 187 F.Supp. 848, affirmed Dinkens v. Attorney Gereral of United States, 5 Cir. 1961, 285 F.2d 430; Kennedy v. Lynd, 5 Cir. 1962, 306 F.2d 222, certiorari denied 371 U.S. 952, 83 S.Ct. 507, 9 L.Ed.2d 500.
 
 It is therefore ordered:
 
 4
 That the judgments be, and they are hereby, reversed, and the causes are remanded to the District Court for the Southern District of Mississippi with instructions to grant forthwith the applications filed by the Attorney General of the United States and to order each appellee to make available to said Attorney General or his representative, for inspection, reproduction and copying, during reasonable business hours, all records and papers in the possession, custody or control of said appellee relating to any application, registration, payment of poll tax or other act requisite to voting in any primary, special or general election for Federal office in Mississippi, such inspection, reproduction and copying to take place in accordance with a schedule to be established forthwith by the District Court, and to commence forthwith in one of the seven counties herein involved, and upon completion thereof to commence in another of the seven counties, and to continue in such manner, county by county and in consecutive order, until such inspection, reproduction and copying is completed.
 
 
 5
 It is further ordered that appellees' cross-appeals be, and they are hereby, dismissed.
 
 
 6
 It is further ordered that the mandate issue forthwith. See Rule 32 of Fifth Circuit, as amended May 31, 1963.
 
 
 7
 GEWIN, Circuit Judge, concurs specially.
 
 
 8
 GEWIN, Circuit Judge (concurring specially).
 
 
 9
 I concur in the result reached, because it is quite apparent that if the demand delivered to the state officials had been addressed to them in their capacity as Circuit Clerk and as Registrar, the District Court would have granted the relief sought. It is somewhat technical to require that the demand describe the official both as Circuit Clerk and as Registrar when one person is acting in both capacities. It seems appropriate to mention however, that this appeal and a good deal of trouble could have been avoided if the officials making the demand had amended it to meet the objection raised.
 
 
 10
 As to the constitutional point asserted, I am not quite as positive that there is no substance in the attack on the statutes in question, as the opinion indicates. Some of the statutes involved here have ominous overtones. 42 U.S.C.A. 1974(c) prohibits the disclosure of any record or paper produced pursuant to the statute with certain exceptions, one of which is: '* * * and in the presentation of any case or proceeding before any court or grand jury.' 18 U.S.C.A. 242 authorized fine and imprisonment for '* * * the deprivation of any rights, privileges, or immunities secured or protected by the Constitution and laws of the United States * * *'. It is not clear that the procedure here involved can be equated with the holding in Hannah v. Larche et al., 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307. That case involved action by the Federal Commission on Civil Rights under another statute. The instant proceeding is by the Attorney General of the United States assisted by agents of the F.B.I. When the law speaks of grand juries, punishments, the Attorney General, the F.B.I., and similar agencies, one naturally thinks of the rights secured by the Fifth and Sixth Amendments. While I am not willing to go to the extent of holding the Civil Rights Act of 1960 unconstitutional, I am also not willing to say that there is no substance in the attack on such acts in the context of this case. It seems appropriate for that question to be decided by the United States Supreme Court.