Robert F. KENNEDY, Attorney General of the United States, Appellant,

v.

Mrs. Walter LEWIS, Circuit Clerk and Registrar of Elections of Bolivar County, Appellee.

Mrs. Walter LEWIS, Circuit Clerk and Registrar of Elections of Bolivar County, Appellant,

v.

Robert F. KENNEDY, Attorney General of the United States, Appellee.

No. 20411.

United States Court of Appeals Fifth Circuit.

Dec. 6, 1963.

Rehearing Denied Jan. 28, 1964.

---

1. White v. United States, 279 F.2d 740, 749 (4th Cir. 1960).

Gerald P. Choppin, Harold H. Greene, Attys., Dept. of Justice, Washington, D. C., Burke Marshall, Asst. Atty. Gen., H. M. Ray, U. S. Atty., for appellant.

Dugas Shands, Asst. Atty. Gen., Joe T. Patterson, Atty. Gen. of Mississippi, Jackson, Miss., Walter Sillers, Rosedale, Miss., Alfred A. Levingston, Cleveland, Miss., Peter M. Stockett, Jr., Sp. Asst. Atty. Gen. of Mississippi, Guy N. Rogers, William A. Allain, Asst. Attys. Gen., of Mississippi, Jackson, Miss., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

Although this is cast in the form of an appeal by the Attorney General, with a cross-appeal by the defendant Registrar of Elections of Bolivar County, Mississippi, the principal argument is put forward by the appellee. We have carefully analyzed each contention made on behalf of the appellee, Registrar Mrs. Lewis, touching on the propriety of the order of the District Court. We conclude that every issue presented by her attacking the order has been foreclosed by prior decisions of this Court.

The constitutionality of Title III of the Civil Rights Act [1] and its constitutionality when applied in the manner applied here by the District Court have been expressly sustained by Kennedy v. Lynd, 5 Cir., 306 F.2d 222, and Kennedy v. Owen, et al., 5 Cir., 321 F.2d 116. We repeat here that the proceedings and hearing afforded to Mrs. Lewis fully comport with procedural due process and there is no substance in the attacks of the appellee on the constitutionality of this section of the law under the Fifth Amendment, the Sixth Amendment, or any other part of the Constitution.

When this Court made a similar statement in the Owen case, supra, one judge concurred specially, and commented "While I am not willing to go to the extent of holding the Civil Rights Acts of 1960 unconstitutional, I am also not willing to say that there *is no substance* in the attack on such acts in the context of this case. It seems appropriate for that question to be decided by the United States Supreme Court." In spite of that suggestion the County Registrars in the Owen case, represented by the Attorney General of the State of Mississippi, as is Mrs. Lewis here, sought no writ of certiorari from the Supreme Court.

Now the same questions are raised again by the same counsel. The answer must be the same. The order of the trial court is affirmed so far as it is challenged by the appellee-cross appellant.

The Government, however, appeals on the ground that the trial court improperly limited the Attorney General's right to inspect and copy to only those records which pertained to the primary election of June 7, 1960 and the general election of November 8, 1960. It also limited the right to inspect to documents relating to any "act requisite to voting relative to the eligibility *of any listed voter eligible to vote* in the primary election, etc." (Emphasis added) This, as the Government points out, restricts the

1. Public Law 86–449, Title III, §§ 301–306, May 1960, 42 U.S.C.A. §§ 1974–1974e.

212

investigation to the records pertaining to those who have successfully sought to qualify.

Both of these limitations are invalid. To limit the inquiry to the records touching on any specified election and not to permit inspection as to papers in the office subsequent to the date of the filing of the suit dealing with subsequent registrations or elections is to construe the statute too narrowly. Equally, to limit the inspection to the documents on file relative to those *who have become qualified* completely denies the Attorney General an opportunity to inspect the records as to those who may have been illegally denied the right to qualify. This is really what the investigation is all about.

This Court has heretofore in the Owen case, supra, indicated the kind of order that is required in such a case as this. The order of the District Court in this case must be amended to grant the same right to inspect and copy as was ordered there, without any of the limitations included in the challenged order.

The judgment is affirmed in part and ordered modified in part and the case is remanded for further proceedings not inconsistent with this opinion.

